**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ROBERT A. VAN SICKLE**                          **CIVIL ACTION**

**versus**                                                       **NO. 08-4567**

**TERRY TERRELL, WARDEN**                      **SECTION: "A" (1)**

**REPORT AND RECOMMENDATION**

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Robert A. Van Sickle, is a state prisoner incarcerated at the Allen Correctional Center, Kinder, Louisiana. On February 7, 2006, he pleaded guilty to one count of failure to register as a sex offender, one count of possession of stolen things valued over $500, and one count of theft of property valued between $300 and $500. On that same date, he was sentenced to the following terms of imprisonment at hard labor: five years on the conviction for failure to

register, ten years on the conviction for possession of stolen things, and two years on the conviction

for theft. Also on that same date, he pleaded "no contest" to the charge of being a second offender

and was resentenced as such to a term of ten years imprisonment on the conviction for possession

of stolen things. It was ordered that all of his sentences run concurrently.[1]

On March 23, 2006, petitioner filed with the state district court an application for

post-conviction relief.[2] That application was denied on May 9, 2006.[3]

On December 20, 2006, petitioner filed with the state district court a second

application for post-conviction relief.[4] That application was denied on January 22, 2007.[5] On

February 16, 2007, he filed a motion to amend that judgment.[6] That motion was likewise denied on

March 21, 2007.[7]

Petitioner also filed two writ applications with the Louisiana First Circuit Court of

Appeal. Because the copy of the state court record submitted in this proceeding is incomplete, this

---

[1] State Rec., Vol. I of I, transcript of February 7, 2006; State Rec., Vol. I of I, minute entries dated February 8, 2006. The Court notes the discrepancy between the dates of the transcript and the minute entries. Louisiana law provides that, when such discrepancies exist, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983).

[2] State Rec., Vol. I of I.

[3] State Rec., Vol. I of I, Judgment with Reasons dated May 9, 2006.

[4] State Rec., Vol. I of I.

[5] State Rec., Vol. I of I, Judgment with Reasons dated January 22, 2007.

[6] State Rec., Vol. I of I.

[7] State Rec., Vol. I of I.

Court cannot determine with certainty when those applications were filed[8] or to what district court rulings they pertained. However, the state court record reflects that the Court of Appeal denied those applications on May 14, 2007,[9] and June 25, 2007,[10] and that the Louisiana Supreme Court likewise denied a writ application on May 30, 2008.[11]

On September 25, 2008, petitioner then filed the instant federal application for *habeas corpus* relief.[12] The state argues that this federal application is untimely.[13] Without a complete copy of state court record, this Court is unable to assess the validity of that defense. However, because it is clear that petitioner's underlying claims have no merit, the undersigned recommends that petitioner's federal application simply be denied on that basis in the interest of judicial economy.

In this proceeding, petitioner challenges only his theft conviction. Louisiana law provides different penalties for the offense of theft based on whether the things stolen were valued

---

[8] In its response in this proceeding, the state represents that the writ applications were filed on March 16, 2007, and May 9, 2007; however, the state fails to identify the bases for those representations.

[9] State v. Van Sickle, No. 2007-KW-0545 (La. App. 1st Cir. May 14, 2007) (unpublished); State Rec., Vol. I of I.

[10] State v. Van Sickle, No. 2007-KW-0967 (La. App. 1st Cir. June 25, 2007) (unpublished); State Rec., Vol. I of I.

[11] State *ex rel.* Van Sickle v. State, 983 So.2d 890 (La. 2008) (No. 2007-KH-1750); State Rec., Vol. I of I.

[12] Rec. Doc. 1.

[13] Rec. Doc. 7, supporting memorandum, pp. 2-3. The state concedes that petitioner exhausted his state court remedies. Id. at p. 4.

at $500 or more, at $300 or more but less than $500, or at less than $300.  La.Rev.Stat.Ann. § 14:67(B).  In the instant case, the bill of information charged petitioner with "THEFT, by the misappropriation or taking of property belonging to JAY NOTO, wherein the value amounts between $300 - $500."[14]

Petitioner now challenges his theft conviction on the basis that the property stolen was in fact worth only $220.  However, the transcript shows that, when pleading guilty, petitioner was clearly advised of the charge against him:

> THE COURT:
> The second count you're charged with is theft *between three and five hundred dollars*, and I will tell you that crime's defined in the statutes of the State of Louisiana, Title 14, Section 67, which reads as follows:  Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking or by means of fraudulent conduct, practices or representations.  An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
> So you do understand the elements of that offense?
>
> MR. VANSICKLE:
> Yes.[15]

He was also expressly advised by the trial court that the charge was a felony.[16]  He was further advised and indicated that he understood that "[b]y pleading guilty you are admitting that you

---

[14]  State Rec., Vol. I of I, Bill of Information.

[15]  State Rec., Vol. I of I, transcript of February 7, 2006, p. 5 (emphasis added).

[16]  State Rec., Vol. I of I, transcript of February 7, 2006, p. 8.

committed the offenses and you don't need to admit anything here today."[17]  He was additionally

advised:

>THE COURT:
>At a trial the State has the burden of proving your guilt beyond a reasonable doubt, which means the State must prove each and every element of the offense against you beyond a reasonable doubt and to the satisfaction of a jury.
>But if you give up your right to a trial, you also give up your right to make the State do that work and carry that load.
>Do you understand that?
>
>MR. VANSICKLE:
>Yes, ma'am.[18]

Further, the parties stipulated that there was a factual basis for petitioner's pleas:

>THE COURT:
>At this time I'm going to ask the District Attorney to give a factual basis for the guilty pleas.
>
>MR. MCGUCKIN [defense counsel]:
>Your Honor, I'd offer a stipulation a factual basis exists for the entry of the guilty pleas.
>
>MR. DEARING [prosecutor]:
>The State joins in those stipulations.[19]

As noted, petitioner now seeks to challenge the validity of his theft conviction on the

grounds that the value of the items stolen was less than $300.  However, his claims in that regard

---

[17]  State Rec., Vol. I of I, transcript of February 7, 2006, p. 8.

[18]  State Rec., Vol. I of I, transcript of February 7, 2006, p. 9.

[19]  State Rec., Vol. I of I, transcript of February 7, 2006, p. 14.

are clearly precluded by his voluntary plea of guilty to the charge in the bill of information, i.e. that

he misappropriated or took of property belonging to Jay Noto valued at between $300 and $500.[20]

>As the United States Supreme Court has explained:

>A guilty plea is more than a confession which admits that the accused did various acts. It is an admission that he committed the crime charged against him. By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.

United States v. Broce, 488 U.S. 563, 570 (1989) (citations and quotations marks omitted).

Moreover, where, as here, the accused entered a voluntary guilty to the charge against him, he may

not later challenge the sufficiency of the evidence to support that charge. United States v. Hanyard,

762 F.2d 1226, 1229-30 (5th Cir. 1985); United States v. Vanchaik-Molinar, 195 Fed. App'x 262,

263 (5th Cir. 2006). "The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560

(1979), mandate that sufficient evidence exist from which a rational fact finder could find guilt

beyond a reasonable doubt is inapplicable to convictions based on a guilty plea." Smith v.

McCotter, 786 F.2d 697, 702-03 (5th Cir. 1986); see also Cornett v. Johnson, No. 97-11250, 1998

WL 546513, at *1 (5th Cir. Aug. 12, 1998) ("[A habeas petitioner's] challenge to the sufficiency of

the evidence underlying his guilty plea does not rise to the level of a federal constitutional issue.").

For all of the foregoing reasons, it is clear that petitioner cannot be granted federal

*habeas corpus* relief based on his claims challenging the validity of his felony theft conviction.

---

[20] Petitioner does not challenge the voluntariness of his plea, and the comprehensiveness of the plea colloquy would refute any suggestion that his plea was unknowing or involuntary.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Robert A. Van Sickle be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this third day of April, 2009.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**